IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ENRIQUE DIAZ | § | |
| v. | § | CIVIL ACTION NO. 2:04cv272 |
| JAMES DIXON, ET AL. | § | |

## MEMORANDUM ADOPTING INITIAL REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Enrique Diaz filed this civil rights lawsuit complaining of alleged violations of his constitutional rights during his confinement in the Harrison County Jail. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Diaz named Captain James Dixon and Sergeants Donna Hain and Renee Savanstano.

The Magistrate Judge conducted an evidentiary hearing on March 1, 2005, pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). At this hearing, Diaz testified that Diaz and Hain retaliated against him for the filing of grievances, including through the posting of a notice prohibiting him from attending religious services.

Diaz also testified that on July 12, 2004, he returned from a court appearance around 2:00 p.m. When he got dressed in jail clothes again, he wanted lunch, but Sgt. Savanstano refused, saying that they would be eating dinner soon. As a result, Diaz says, he did not get to eat lunch that day.

Diaz did not assert, in his complaint or at the Spears hearing, that Sgt. Savanstano was retaliating against him, nor that Savanstano even had knowledge of the grievances which he had filed. Instead, he characterized the denial of the meal as "cruel and unusual punishment."

1

On March 2, 2005, the Magistrate Judge issued an initial Report in the case. This Report properly recommended that Diaz be allowed to proceed on his claims against Dixon and Hain.

The Magistrate Judge also recommended that Diaz's claim against Sgt. Savanstano be dismissed as frivolous. The Magistrate Judge observed that while inmates have a right to receive reasonably adequate food, the missing of a single meal does not amount to a constitutional violation. George v. King, 837 F.2d 705, 707 (5th Cir. 1987); *see also* Moss v. Ward, 450 F.Supp. 591, 596 (W.D.N.Y. 1978); Green v. Ferrell, 801 F.2d 765, 770-71 & n.5 (5th Cir. 1986); Smith v. Sample, slip op. no. 95-30142 (5th Cir. August 22, 1995 (unpublished).

Diaz filed objections to the Magistrate Judge's Report on March 10, 2005. These objections complain that in August of 2004, he wrote to the Court about Sgt. Savanstano's denying him financial information with regard to his application for leave to proceed *in forma pauperis*. He also says that he intends to show through discovery that this was not the first time that Sgt. Savanstano acted outside of her job description. He says that he previously filed grievances with Dixon about Sgt. Savanstano's refusal to feed him, apparently on one or more unspecified prior occasions.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). To the extent that Diaz seeks to bring new claims against Sgt. Savanstano in his objections, these claims are not properly before the Court. The sole claim which he raised against Sgt. Savanstano, in his pleadings and testimony, was that she subjected him to cruel and unusual punishment; he did not raise a retaliation claim against her, and did not offer any facts to support a retaliation charge if he had raised one. *See* Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (setting out elements of a claim of retaliation). Specifically, the Court stated that the elements of a claim under a theory of retaliation are the invocation of a specific

constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred; the relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. Johnson, 110 F.3d at 310, *citing* Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

In this case, Diaz neither pleaded nor demonstrated any facts indicating that Sgt. Savanstano retaliated against him, nor that but for this alleged retaliatory motive, the incident complained of would not have occurred. The Fifth Circuit has further held that inmates are not permitted to raise a general claim in conclusory fashion and then make a blind search of all prison records to see if facts in support of the claim can be found. Whittington v. Lynaugh, 842 F.2d 818, 820 (5th Cir. 1988). Diaz's objections are without merit.

The Court has conducted a careful *de novo* review of the Plaintiff's pleadings and testimony, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claim against Sgt. Renee Savanstano be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. It is further

ORDERED that Sgt. Savanstano be and hereby is DISMISSED as a party to this lawsuit. The dismissal of this claim and party shall have no effect upon the remainder of Diaz's lawsuit. Finally, it is

ORDERED that the dismissal of this claim and party shall not count as a strike under 28 U.S.C. §1915(g).

SIGNED this 5th day of May, 2005.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE